UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOARD OF TRUSTEES OF THE
INDIANA STATE COUNCIL OF
PLASTERS & CEMENT MASONS
PENSION FUND,

      Plaintiff,

v.

LINDA J. SHELINE, personal representative
of the estate of Gary Lee Gardner, deceased,
and CAROL ANN GARDNER,

      Defendants.
                                     /

File No. 1:12-CV-447

HON. ROBERT HOLMES BELL

## **OPINION**

On May 4, 2012, Plaintiff Board of Trustees of the Indiana State Council of Plasters and Cement Masons Pension Fund (the "Pension Fund") filed a complaint in this Court seeking the interpleader of Linda J. Sheline ("Sheline"), personal representative of the estate of Gary Lee Gardner ("Gary"), and Carol Ann Gardner ("Carol"), and a declaration of the rights, legal obligations and extent of the Board of Trustees' liability with respect to the competing claims of Sheline and Carol to the death benefits payable under the Pension Fund. (Dkt. No. 1.) Subsequently, Sheline filed a cross-claim against Carol requesting that the Court award her, as representative of Gary's estate, the benefits payable. (Dkt. No. 8.) This matter is before the Court on the cross-motions for summary judgment regarding this cross-claim. (Dkt. Nos. 19, 24.) For the reasons that follow, Carol's motion will be denied, and Sheline's motion will be granted.

**I.**

This case concerns Gary's Pension Fund, which is governed by the Employee Retirement Income Security Act ("ERISA"). In 2004, Gary named his wife, Carol, as his beneficiary. Subsequently, Gary and Carol divorced. Carol was represented by Mark Westrate in the divorce proceedings, while Gary was unrepresented. The default Judgment of Divorce provides:

> IT IS FURTHER ORDERED AND ADJUDGED, that the Plaintiff, Carol Ann Gardner, and the Defendant, Gary Lee Gardner, shall have as their sole and separate property, free and clear of any and all claims of the other, the following:
>
> (a) any pension, annuity or retirement benefit;
> (b) any accumulated contribution in any annuity, pension, or retirement benefits; and
> (c) any right or contingent right in and to unvested pension, annuity, or retirement benefits.

(Dkt. No. 8, Ex. 1.) However, Gary never changed the designated beneficiary of his Pension Fund, and, upon his death in 2011, Carol remained the designated beneficiary.

**II.**

The Federal Rules of Civil Procedure require the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In considering a motion for summary judgment, "the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Martin v. Cincinnati Gas and Elec. Co.*, 561 F.3d 439, 443 (6th Cir. 2009) (citing *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007)). Nevertheless, the mere existence of a scintilla of evidence in support of a non-movant's position is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*; *see generally Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989).

**III.**

This case raises the question of how a provision in a Judgment of Divorce, which extinguishes an ex-spouse's right to the benefits of a decedent's ERISA plan, affects the payment of benefits in accordance with that plan when the ex-spouse remains listed as the designated beneficiary. The law is unequivocal that such a provision does not waive the entitlement of the ex-spouse to the benefits of the ERISA plan. However, the law is also clear that the Court may order that ex-spouse to then pay over those benefits to the estate of the decedent if equity so requires.

The provisions of ERISA "supersede any and all State laws insofoar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 11441(a). ERISA requires that a plan administrator discharge his duties "in accordance with the documents and

3

instruments governing the plan . . . ." 29 U.S.C. § 1104(a)(1)(D). The designation of beneficiary for the Pension Fund named Carol as Gary's beneficiary, and continued to do so, unchanged, after their divorce. In the Sixth Circuit, under such circumstances, "the documents control." *McMillan v. Parrott*, 913 F.2d 310, 312 (6th Cir. 1990); *see also Metro. Life Ins. Co. v. Pressley*, 82 F.3d 126, 130 (6th Cir. 1996). "It is clear that the law of this circuit requires the ERISA plan administrator to pay plan proceeds in accordance with the ERISA plan documents." *Cent. States Se. & Sw. Areas Pension Fund v. Howell*, 227 F.3d 672, 678 (6th Cir. 2000). Thus, as Sheline concedes in her motion, Carol is entitled to receive the benefits of the Pension Fund pursuant to the undisputed plan documents.

However, *McMillan* and *Pressley* only concerned the issue of who had the right to *receive* plan benefits. *Howell*, in addition to considering the receipt of plan benefits, also considered the distinct issue of the *retention* of plan benefits: "once the benefits of an ERISA employee welfare benefit plan have been distributed according to the plan documents, ERISA does not preempt the imposition of a constructive trust on those benefits. . . . [and] the district court has the discretion to impose a constructive trust upon those benefits in accordance with applicable state law if equity so requires." *Id*. at 677-89.[1] Under Michigan law, "equity so requires" when the named beneficiary has "waived the right to retain the

---

[1]The fact that in the present case the plan administrator has yet to distribute the plan benefits does not affect this Court's ability to impose a constructive trust on the retention of those funds once paid. *See Brown ex rel. Estate of Sanger v. Wright*, 511 F. Supp. 2d 850, 853 (E.D. Mich. 2007). As in *Brown*, Sheline has conceded that Carol is entitled to receive the benefits of the Pension Fund under the terms of the plan, and thus her claim relates solely to the rights of the plan beneficiary under state law and does not relate to the ERISA plan.

distributed proceeds." *Brown ex rel. Estate of Sanger v. Wright*, 511 F. Supp. 2d 850, 852 (E.D. Mich. 2007) (quoting *Sweebe v. Sweebe*, 712 N.W.2d 708, 710 (Mich. 2006)).

In the present case, Carol, through the Judgment of Divorce, has waived her right to retain the distributed benefits of the Pension Fund. In a factually similar case, the Eastern District of Michigan concluded that an ex-spouse that sought and received a default judgment of divorce which contained a provision extinguishing her right as beneficiary in any policy of her ex-husband, "cannot now contend that she should not be bound by the language in the judgment of divorce, a judgment that she sought and obtained." *Metro. Life Ins. Co. v. Flusty*, 545 F. Supp. 2d 624, 629 (E.D. Mich. 2008); *see also Union Sec. Ins. Co. v. Alexander*, No. 11-10858, 2011 WL 5199918, at *6 (E.D. Mich. Nov. 2, 2011) ("In this case, the judgment of separation likewise extinguishes the Spouse's rights . . . .").

The Michigan Supreme Court has also addressed the issue of what language in a divorce decree is necessary to constitute a waiver of the right to retain such benefits:

> [C]ourts that have examined what constitutes a waiver have consistently stated that a waiver must simply be explicit, voluntary and made in good faith. . . . "[E]xplicit" means that the divorce decree is not completely silent on the issue of insurance proceeds. However, there are no specific words that must be included. In determining if a waiver exists, a court must determine if a reasonable person would have understood that she was waiving her beneficiary interest in the life insurance policy at issue.

*Sweebe*, 712 N.W.2d at 712. The Michigan Supreme Court found a clear and unequivocal waiver in language in a consent judgment of divorce that read "any interest which either of the parties may now have or may have had in any insurance contract or policy, and any other

5

interest in any insurance contract or policy of the other party, shall be extinguished." *Id.* at 713.

In this case, the waiver in the Judgment of Divorce did not refer explicitly to the ERISA plan at issue. However, that fact does not matter because the language in the waiver provisions in *Flusty*, *Alexander*, and *Sweebe* was no more specific than the language in the present case. *See Flusty*, 545 F. Supp. 2d at 626; *Alexander*, 2011 WL 5199918, at *1; *Sweebe*, 712 N.W.2d at 710. What matters is whether the waiver explicitly covers the Pension Fund. Here, the waiver in the Judgment of Divorce explicitly covers any right of Carol to any pension fund of Gary: "the Plaintiff, Carol Ann Gardner, and the Defendant, Gary Lee Gardner, shall have as their sole and separate property, free and clear of any and all claims of the other . . . any pension, annuity or retirement benefit." (Dkt. No. 8, Ex. 1.) When a provision in a Judgment of Divorce is "all-inclusive" with regard to an ex-spouse's relinquishment of her right to the benefits of ERISA funds, that ex-spouse has "waived [her] rights to the . . . proceeds at issue and thus is not entitled to retain them." *MacInnes v. MacInnes*, 677 N.W.2d 889, 894 (Mich. Ct. App. 2004).

Moreover, both Carol and her attorney, Westrate, were aware of the Pension Fund at the time of the default Judgment of Divorce. (Dkt. No. 35, Ex. I, C. Gardner Correspondence; Dkt. No. 36, Ex. J, Westrate Intake Sheet.) Westrate himself prepared the Judgment of Divorce.[2] (Dkt. No. 38, Ex. K, Westrate Dep. 29-30.) Additionally, Carol and

---

[2]This fact weakens any possible argument that Carol or her attorney did not fully understand the provision when agreeing to the Judgment of Divorce. *See Moore v. Moore*, 700 N.W.2d 414, 418 (Mich. Ct. App. 2005) ("Here, plaintiff's attorney prepared the divorce
(continued...)

her attorney testified to reviewing the Judgment of Divorce before it was entered, and Carol testified that she knew it would apply to Gary's Pension Fund. (*Id.* at 29-35; Dkt. No. 27, Ex. B, Carol Ann Gardner Dep. 18, 32.) Thus, because "a reasonable person would have understood that she was waiving her beneficiary interest in the [] policy at issue," *Sweebe*, 712 N.W.2d at 712, the Court finds that the waiver in the Judgment of Divorce was explicit and is enforceable under Michigan law.[3]

Consequently, there is no genuine dispute as to any material fact, and Sheline is entitled to judgment as a matter of law. The Court will order the Board of Trustees to pay the accrued benefits of Gary's Pension Fund to Carol in accordance with the plan documents. Because Carol explicitly waived her right to retain the death benefits under Michigan law, however, equity requires the Court to also order Carol, upon receipt of the Pension Fund benefits, to promptly pay an amount equal to those benefits to Sheline, as representative of Gary's estate. The Court will also discharge the Board of Trustees from all liability to Sheline and Carol, once they have paid the accrued benefits to Carol.

An order consistent with this opinion will be entered.

Dated: January 30, 2013         /s/ Robert Holmes Bell
                                ROBERT HOLMES BELL
                                UNITED STATES DISTRICT JUDGE

---

[2](...continued)
judgment . . . . The language in the divorce judgment is plainly a waiver of plaintiff's rights to the decedent's insurance proceeds and pension death benefits.").

[3]Note that it is irrelevant that neither party signed the Judgment of Divorce. *See MacInnes*, 677 N.W.2d at 894 (Defendant's argument that he is not required to pay plaintiff the life insurance proceeds because neither party signed the judgment of divorce . . . borders on the frivolous.").

7